UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. S., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>   Defendants. | Case No. 19-cv-06668-VKD<br><br>**ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 1 |

J.S., a minor, and Terre S., J.S.'s mother and guardian ad litem, petition the Court for approval of their settlement, reached prior to litigation, with the Santa Clara County Office of Education ("SCCOE") and the Evergreen School District ("District"). Dkt. No. 1. SCCOE and the District join in the petition. Upon consideration of the petition and supporting papers, the Court grants the petition, finding that the settlement is fair and reasonable.[1]

According to the petition, J.S. is fifteen years old and has been diagnosed with autism spectrum disorder, Tourette's Syndrome and other disorders. Dkt. No. 1 at 2. On May 30, 2019, Terre S. filed an administrative claim, on J.S.'s behalf, against Santa Cruz City Schools ("SCCS"),[2] SCCOE and the District, alleging that they denied J.S. a free appropriate public education ("FAPE")[3] during the 2018-2019 school year by, among other things, failing to provide

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] J.S. and Terre S. have separately settled their claims against SCCS. That settlement agreement is not before the Court in this matter. Dkt. No. 1 at 2-3.

[3] Under the Individuals with Disabilities in Education Act ("IDEA"), children with disabilities are entitled to a FAPE. *See* 20 U.S.C. § 1412(a)(1); *see also* 20 U.S.C. § 1401(9).

1 J.S. with a timely educational placement or to offer placement in the least restrictive environment; to timely convene an individualized education program ("IEP") team meeting, or to implement his IEP; to offer adequate goals, services and assistive technology; to conduct a behavioral assessment; and to make a clear written offer. Dkt. No. 1-1.

Additionally, Terre S. says that on June 26, 2019 she filed a tort claim, under California Government Code section 910, seeking damages arising from a January 31, 2019 incident in which an SCCOE employee allegedly verbally and physically assaulted J.S. Dkt. No. 1 at 3; Dkt. No. 1-1 ¶ 52. During that incident, J.S. reportedly sustained injuries to his kneecaps that required follow-up care, but his alleged injuries are primarily mental and emotional in nature. Had the parties not settled their dispute, Terre S. and J.S. state that they would have filed a lawsuit asserting claims for discrimination under Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and the California Unruh Civil Rights Act, as well as claims for violation of J.S.'s rights under the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution.

The parties' proposed settlement requires SCCOE and the District to establish a settlement fund of $21,500 to be allocated as follows:

- $9,000, or approximately 42% of the settlement, will be paid as fees to J.S.'s and Terre S.'s counsel. Counsel states that the total fees and costs incurred to date are $26,565, including those incurred in pursuing the administrative claim. Dkt. No. 1-2 ¶ 3; Dkt. No. 1-3 ¶ 6.
- The remaining $12,500 will be distributed to J.S. and Terre S. Of that sum, $5,500 is intended to settle the tort claim and will be paid directly to Terre S., who avers that she will use those funds to secure trauma therapy for J.S. Dkt. No. 1-2 ¶ 3; Dkt. No. 1-4 ¶ 11. The remaining $7,000 is intended to cover J.S.'s qualified educational expenses until those funds are depleted, or through June 30, 2021, whichever occurs first. Dkt. No. 1-2 ¶ 3.

The settlement is conditioned upon approval by SCCOE's insurer, as well as by this Court. *Id.* ¶¶ 18-19.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)). "In other words, in this context, the fairness determination is an independent, not a comparative inquiry." *Id*. at 1182. Thus, courts must "focus[] on the net recovery of the minor plaintiffs under the proposed agreement," and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182. Although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, *see id.* at 1179 n.2, courts in this district have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims. *See J.R. by and through Ringer v. Lakeport Unified Sch. Dist*. No. C18-06211 WHA, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019) (citing cases).

In view of the facts of this case and the nature of J.S.'s alleged injuries, the proposed settlement is fair, reasonable and proper. Under the terms of the parties' agreement, the net settlement available to J.S. and Terre S. is $12,500, which is to be used to obtain trauma therapy for J.S. and to reimburse his qualified educational expenses. This appears to be commensurate with settlements approved in similar cases. *See, e.g., C.F. v. San Lorenzo Unified Sch. Dist.*, No. 16-cv-01852-RS, 2016 WL 4521857 (N.D. Cal. Aug. 29, 2016) (approving the minor's compromise of his IDEA claim in the amount of $65,000, of which $10,000 was allocated to the minor for his educational services and $55,000 of which would pay for attorneys' fees); *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. C11-03108 LB, 2012 WL 1595046 (N.D. Cal. May 2, 2012) (approving a minor's compromise of his civil rights, ADA and Rehabilitation Act claims for a

3

total of $29,000, of which $350 was allocated to attorney's fees, with the remaining $28,650 to be held in a trust account for the minor's counseling, therapy, educational and other expenses). The Court also recognizes some value in the parties' early resolution of this matter, without incurring the additional time and expense of potentially protracted litigation in which the nature and extent of J.S.'s claimed injuries likely would have been challenged by SCCOE and the District.

Based on the foregoing, the petition for approval of minor's compromise is granted. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 20, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge